UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| PETER JASON HELFRICH,<br><br>Plaintiff,<br><br>v.<br><br>STATE OF NEVADA et al.,<br><br>Defendants. | Case No. 2:16-cv-01323-RFB-NJK<br><br>**ORDER** |

**I.   DISCUSSION**

Plaintiff is a prisoner proceeding *pro se*. Plaintiff has submitted a civil rights complaint pursuant to 42 U.S.C. § 1983, a motion to proceed *in forma pauperis*, a motion for temporary restraining order, a motion for preliminary injunction, and a motion to exclude case from inmate early mediation program. (ECF No. 1, 1-1, 2, 3, 5). However, on at least three (3) occasions, this Court and the Ninth Circuit Court of Appeals have dismissed civil actions and appeals commenced by Plaintiff while in detention as frivolous or malicious.[1]

---

[1] In *Helfrich v. Cox*, 2:15-cv-00384-JCM-PAL, the Ninth Circuit Court of Appeals dismissed Plaintiff's appeal as frivolous. (ECF No. 15, 16). In *Helfrich v. Marshall*, 2:15-cv-00393-KJD-GWF, the Ninth Circuit Court of Appeals dismissed Plaintiff's appeal as frivolous. (ECF No. 59, 60). These dismissals constitute two strikes under 28 U.S.C. § 1915(g). *See Richey v. Dahne*, 807 F.3d 1202, 1208 (9th Cir. 2015). In *Helfrich v. State of Nevada*, 2:16-cv-00574-GMN-GWF, Plaintiff received his third strike when this Court dismissed Plaintiff's case as malicious. (ECF No. 3, 5). The Court takes judicial notice of its prior records in the above matters.

Pursuant to 28 U.S.C. § 1915(g), "if [a] prisoner has, on 3 or more prior occasions, while incarcerated or detained in any facility, brought an action or appeal in a court of the United States that was dismissed on the grounds that it is frivolous, malicious, or fails to state a claim upon which relief may be granted," he may not proceed *in forma pauperis* and, instead, must pay the full $400.00 filing fee in advance unless he is "under imminent danger of serious physical injury." 28 U.S.C. § 1915(g). In his complaint, Plaintiff, who is currently incarcerated at High Desert State Prison ("HDSP"), alleges violations that occurred at the Nye County Sheriff's Office in Tonopah and Pahrump, Nevada, starting on June 2, 2014. (ECF No. 1-1 at 1). Based on the allegations, it appears that, in June 2014, Plaintiff had sued the undersheriff of Nye County. (*Id.* at 4). As a result, employees of the Nye County Sheriff's Office had refused to issue service of process to the undersheriff despite a court order from a state court judge. (*Id.*) A court later dismissed Plaintiff's case. (*Id.*) Plaintiff alleges retaliation by the Nye County Sheriff's Office. (*Id.* at 5). The Court finds that these allegations fail to plausibly allege that Plaintiff is in imminent danger of serious physical injury. *See Andrews v. Cervantes*, 493 F.3d 1047, 1055 (9th Cir. 2007) (holding that the exception to § 1915(g) applies if the complaint makes a plausible allegation that the prisoner faced imminent danger of serious physical injury at the time of filing). As such, Plaintiff must pre-pay the $400.00 filing fee in full.

The Court also denies Plaintiff's motions for temporary restraining order and preliminary injunction. (ECF No. 2, 3). In the motions, Plaintiff makes allegations about events that are unrelated to the allegations in the complaint. In the motions, Plaintiff alleges grievances against various Nevada Department of Corrections ("NDOC") employees for events that are unrelated to what happened at the Nye County Sheriff's Office. The Court denies the motions for temporary restraining order and preliminary injunction because they seek to enjoin matters outside the scope of the lawsuit. *See De Beers Consol. Mines v. United States*, 325 U.S. 212, 217 (1945) (holding that preliminary injunction is not appropriate for matters "lying wholly outside the issues in the case").

The Court further notes that even if these allegations did fall within the scope of the suit, they too fail to allege that petitioner faced imminent danger of serious physical injury.

## II.  CONCLUSION

For the foregoing reasons, **IT IS ORDERED** that Plaintiff's application to proceed *in forma pauperis* (ECF No. 1) is denied.

**IT IS FURTHER ORDERED** that this action will be dismissed without prejudice unless Plaintiff pays the $400.00 filing fee in full within forty-five (45) days from the date of this order.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall send Plaintiff two copies of this order.  Plaintiff shall make the necessary arrangements to have one copy of this order attached to the check paying the filing fee.

**IT IS FURTHER ORDERED** that the Clerk of the Court shall retain the complaint (ECF No. 1-1) but shall not file it.

**IT IS FURTHER ORDERED** that the motions for temporary restraining order and preliminary injunction (ECF No. 2, 3) are denied.

**IT IS FURTHER ORDERED** that the motion to exclude case from inmate early mediation program (ECF No. 5) is denied.  Plaintiff may refile this motion if Plaintiff pays the filing fee for his case and his case survives screening.

**DATED** this 16th day of November 2016.

_____
**RICHARD F. BOULWARE, II**
**UNITED STATES DISTRICT JUDGE**